ARTHUR McFARLAND and WILLIAM McFARLAND, appellants, *v.* CHARLES LEWIS and EDWARD H. CHAPMAN, appellees.

*Appeal from Warren.*

Where upon the trial of an action between two firms, upon a note made by one firm and payable to the other, the plaintiffs produced the note in evidence, but omitted to prove the copartnership of the defendants; and thereupon the defendants introduced in evidence a note which they had paid to the plaintiffs, and a receipt which had been given to them in their copartnership name, by the plaintiffs : *Held,* that by so doing, the defendants admitted their partnership.

On the trial of an action upon a promissory note, by the payees against the makers, a receipt was produced in evidence by the defendants, dated on the same day the note was made, showing the receipt of a sum of money by the plain-

tiffs, which they agreed to endorse on the note of the defendants. Thereupon the clerk of the plaintiffs testified that that payment was endorsed, by direction of the plaintiffs, on two other notes of the defendants, held by the plaintiffs at that time, one dated in April, 1837, and one in May or June following; that he had never seen the receipt before, but, from his knowledge of the transactions between the parties, he had no doubt the money was applied as stated. The defendants then presented to said witness a note made by them to the plaintiffs, dated in April, 1837, upon which was endorsed a credit of the balance due on the note. The witness stated that this was one of the notes upon which the money mentioned in the receipt was credited; and that he had never heard the defendants say any thing on the subject. The defendants then moved the Court to exclude the evidence of the witness from the jury. This motion was overruled, and judgment rendered for the plaintiffs: *Held,* that the decision of the Court was correct; and that the evidence was admissible as part of the *res gestæ.*

The law is well settled, that where a debtor makes a payment, without specifying to what debt it shall be applied, the creditor has a right to select the debt on which he will give the credit.

*Semble,* That parol evidence would not be admissible to prove the application of a sum of money paid by a defendant, by endorsement on a note held against him by the plaintiff, without the production of the note, or showing some legal reason for not producing it.

A. WILLIAMS, for the appellants.

O. H. BROWNING, for the appellees.

LOCKWOOD, Justice, delivered the opinion of the Court:

The record in this case is very imperfectly made out. It contains neither the declaration nor the plea. The facts appear to be, that Lewis & Chapman, partners in trade, commenced a suit on a note of hand against Arthur and William McFarland, partners, trading under the firm of A. McFarland & Son. After issue joined, a jury was empannelled to try the cause. On the trial, the plaintiffs below offered a note in evidence, of which the following is a copy, to wit :

"$932,66. St. *Louis, September* 27, 1837.

Four months after date, we promise to pay to the order of Lewis & Chapman, nine hundred thirty-two $\frac{66}{100}$ dollars, for value received. A. McFARLAND & SON."

On which note were endorsed several payments.

To the reading of this note the defendants objected, but the Court permitted it to be read to the jury, together with the credits endorsed thereon.

The plaintiffs then proved, by a witness, that the plaintiffs were, at the date of said note, partners, trading in St. Louis, under the style of Lewis & Chapman, and rested their cause.

The defendants then read in evidence the following receipt, to wit :

"$447,00. *Saint Louis, September* 27, 1837.

Rec. of A. McFarland & Son, four hundred and forty-seven dollars, which we will endorse on their note held by us.

LEWIS & CHAPMAN."

The plaintiffs then recalled their witness, and proved by him, that, at the time said receipt was given, he was living with the plaintiffs in the capacity of clerk, and that the plaintiffs at that time held two other notes on the defendants, one dated in April, 1837, and the other in May or June, 1837, and that, by the direction of the plaintiffs, he endorsed the money for which said receipt was given, upon the two last mentioned notes. That he credited on the note dated in April, so much as balanced and satisfied that note, and credited the remainder of the money, for which said receipt was given, on the note dated in May or June. That he had never seen the receipt until to-day, but, from the knowledge he had of the transactions between the plaintiffs and the defendants, he had no doubt the money specified in said receipt was applied as above stated. The defendants then exhibited to said witness the following note and endorsement, to wit :

"$1061,74.       Four months after date, we promise to pay to the order of Lewis & Chapman, ten hundred and sixty-one $\frac{74}{100}$ dollars, for value recd. without defalcation.   *St. Louis, April* 5, 1837.                            ARTHUR MCFARLAND & SON."

"June 20, 1837. Recd. on within note $400. LEWIS & CHAPMAN.

270 — Recd., on within note, $270, July 5, 1837.

Recd. on the within, forty-five $\frac{50}{100}$ dollars, Aug. 30, 1837.

Recd. on the within, $346, $\frac{24}{100}$ Sept. 25, 1837."

and asked him if that was one of the notes on which a part of the money in said receipt mentioned, was credited, and he answered that it was. The witness further stated, hat he had never heard defendants say any thing upon the subject of said receipt. The defendants then moved the Court to exclude the evidence of said witness from the jury, which the Court refused, and the jury found a verdict for the plaintiffs, on which the Court below rendered judgment.

The errors assigned are, in admitting the note offered by the plaintiffs below to be read to the jury, and in refusing to exclude from the jury so much of the evidence of the plaintiffs below, as relates to the receipt offered in evidence by the defendants below.

The first assignment of error is based upon the supposition that before the note could be read in evidence to the jury, it was necessary for the plaintiffs below to prove that the defendants were partners, trading under the firm of A. McFarland & Son.

Whether this objection would have been good, had the bill of exceptions contained nothing more, it is unnecessary to decide. The defendants below, by presenting a note in evidence, which they had paid to the plaintiffs, executed in the same way as the

McFarland *et al. v.* Lewis *et al.*

note sued on, and reading in evidence a receipt for money, given to them in the name of their firm, have admitted that they were partners in trade. This admission was a waiver of the objection. (1)

The Court below decided correctly in refusing to exclude the testimony of the witness. The law is well settled, that where a debtor makes a payment, without specifying on what debt it shall be applied, the creditor has a right to select the debt on which he will give the credit. The receipt given in evidence did not designate any particular note ; it was therefore optional with the plantiffs below, if they possessed more than one note, to apply the payment to either of them ; and it was highly proper to apply the credit on the oldest note. The objection to this testimony was, that the credit was made by order of the plaintiffs below, and without the knowledge of the defendants; and consequently it was liable to the objection, that it is evidence made by the plaintiffs themselves. This objection is untenable. Although the witness was not present when the receipt was given, yet it is fairly presumable, that paying the money, giving the receipt, and the instructions to the clerk to credit the notes with the amount of the payment were all simultaneous acts, and consequently the evidence was admissible as part of the *res gestæ.* Had the objection been that the parol evidence was inadmissible, without the production of the note itself, on which the credit was given, it might have been good; but such an objection was waived by the production, by the defendants, of one of the notes on which the witness testified a part of the money had been credited. The discrepancy between the date of the receipt, and the date of the credit on the note, went to the credibility of the witness, and not to his admissibility.

It was no objection to the admissibility of this testimony, that only a part of the receipt was credited on the note produced. If the defendants below desired the balance of the receipt to be applied to the note sued on, they should have asked the Court for instructions to the jury to that effect, and then if the plaintiffs had not produced the note dated in May or June, 1837, or shown some legal reason for its non-production, the defendants would have been entitled to the instructions.

We have no doubt, however, that justice was done, as there is but little probability, that the payment made on the 27th of September, 1837, was intended to be applied on a note executed on the same day, and payable four months thereafter.

The judgment is affirmed with costs.

*Judgment affirmed.*

(1) Jackson *ex dem.* Hills *v.* Tuttle, 7 Cowen 384 ; *Exparte* Jones *et al.,* 8 Cowen 123.